# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

Cellular location information to locate the cellular telephone assigned call number **414-856-6621** (the "Target Cell Phone").

)
)
)
)
)
)
)

Case No. 19-984M (NJ)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A.

over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Sections 2113(a), (d) and 2

The application is based on these facts: See attached affidavit.

☒ Delayed notice of ___30___ days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Daniel Gartland, FBI
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: November 26, 2019

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed Name and Title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Daniel Gartland, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(414) 856-6621,** the "Target Cell Phone," whose service provider is T Mobile, a wireless telephone service provider headquartered in Parsippany, New Jersey. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since May 2018. Since October 2018, I have been assigned to FBI's Milwaukee Area Violent Crimes Task Force. This Task Force is a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies and other violent crime matters, defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have assisted in criminal investigations, participating in surveillance, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

3. This affidavit is based upon my personal knowledge as well as information provided to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon

information gathered from interviews of citizen witnesses, reports, official records, law enforcement reports, and my training and experience.

4. I am a Law Enforcement Officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal offenses.

5. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Jeffrey Benson, has violated Title 18, U.S.C. §§ 2113(a) and (d) and 2 (Armed Bank Robbery). Benson was charged with these crimes on November 15, 2019, and is the subject of an arrest warrant issued on that day. There is also probable cause to believe that Benson has fled this jurisdiction and absconded from his Wisconsin state supervision. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Benson, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## **PROBABLE CAUSE**

7. On November 15, 2019, Jeffrey Benson was charged by criminal complaint with violating Title 18, U.S.C. §§ 2113(a) and (d) and 2 (Armed Bank Robbery). Those charges were based on Benson's involvement in the robbery of the Prime Financial Bank in Milwaukee, Wisconsin, on September 13, 2019, with at least one unidentified co-actor. An arrest warrant for Benson was issued on November 15, 2019.

8. Benson is currently on Wisconsin state probation. Benson's cellular telephone is listed as **414-856-6621** with Wisconsin Department of Corrections, Probation and Parole.

9. On September 25, 2019, investigators observed Benson driving the Trailblazer used in the Prime Financial Bank robbery. While under surveillance, Benson drove the car to 4556 North 71st Street, Milwaukee, and entered the residence. Law enforcement officers observed Benson at that residence on several other occasions as well.

10. On October 2, 2019, at approximately 2:33 p.m., Benson was observed driving a white Mercedes Benz sedan (hereinafter, Mercedes), bearing Georgia vehicle registration plate RIW4578. The registered owner of the vehicle was Virginia Jones. The vehicle was observed parked in front of 4556 North 71st Street (believed to be Jones and Benson's shared address) at 2:48 p.m.

11. On October 13, 2019, Benson was observed driving the Trailblazer used in the Prime Financial Bank armed robbery. The Trailblazer, Mercedes, and a white pickup truck were observed parked in front of 4556 North 71st Street. Benson and others loaded the vehicles with boxes, furniture and household items. The vehicles departed the location together. Benson was driving the Mercedes. Law enforcement officers followed the caravan of vehicles south. Based upon information collected from a GPS tracking device and law enforcement databases, the Trailblazer and Mercedes are currently in the area of Atlanta, Georgia. Benson has absconded from Wisconsin state probation and a warrant has been issued for his arrest.

12. Law enforcement conducted open source database checks, which provided an address for Benson as 1473 Cherry Hill Road SW, Conyers, GA 30094. Utilities for 1473 Cherry Hill Road SW are in the name of Virginia Jones and Jeffrey Benson.

13. Currently, law enforcement agents are receiving prospective cell site records for Benson's telephone number, **414-856-6621**, pursuant to a Wisconsin state search warrant, which

3

expires on or about December 3, 2020. Those records show that the telephone is currently in Georgia.

14. During the morning hours of November 26, 2019, law enforcement agents observed Benson leaving the residence at 1473 Cherry Hill Road SW, Conyers, GA 30094. Around the same time, the ping records for Benson's telephone showed that the phone was also inside or near the same residence.

15. I submit that there is probable cause to obtain Benson's prospective cell site records in order to effectuate his arrest in the coming weeks. The records will assist law enforcement in ascertaining Benson's whereabouts in order to effectuate the arrest.

16. In my training and experience, I have learned that T Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call

4

made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

17. Based on my training and experience, I know that T Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T Mobile's network or with such other reference points as may be reasonably available.

18. Based on my training and experience, I know that T Mobile can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

5

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court direct T Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T Mobile for a time period of 45 days from the date the warrant is signed. I also request that the Court direct T Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **414-856-6621** (the "Target Cell Phone"), whose wireless service provider is T Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of T Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of forty-five days from the date the warrant is signed, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T Mobile, T Mobile is required to disclose the Location Information to the government. In addition, T Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).